## Charles P. Flack v. James A. Haynie.

The defendant, without authority, assumed to act as agent for A in opening an account with the plaintiff in favor of B upon the credit of A; the goods were to be paid for at the end of the year, (1851;) in July or August of same year A notified plaintiff that defendant acted without authority from him, and that he, A, would not pay the bill; B proving insolvent, the plaintiff sued the defendant for the amount, in October, 1853; the Court charged the jury, in effect, that the question whether the claim was barred by limitation or not, depended on whether the goods were sold on a credit, to be paid for at

Flack v. Haynie.

the end of the year ; that if they were, it was not barred ; if they were not, it was barred ; the jury found it was barred ; and this Court held that the plaintiff's cause of action against the defendant accrued when he received the notice from A ; and that the claim was therefore barred, whether the credit was given to the end of the year or not.

Appeal from Fayette. Tried below before the Hon. James H. Bell.

Suit by appellant against appellee, commenced before a Justice of the Peace, and removed by *certiorari* to the District, Court by plaintiff. The suit was commenced on the 5th of October, 1853. The facts were as follows :

The plaintiff proved that James A. Haynie came to the store in Rutersville in December, 1850, and stated to plaintiff that he, defendant, was authorised to open an account with him, plaintiff, for Dr. M. B. Posey ; and also for Green Hill, the overseer of said Posey, to the amount of $150 ; that Dr. Posey had bought a plantation in the neighborhood and placed some negroes on it, with said Hill as his overseer ; that said Posey had returned to Alabama, and would be back again next fall; that said Posey left him, Haynie, his agent, and authorised him to open said accounts, and he, Posey, would pay them when he returned ; that said Haynie said that, although said Posey would raise no cotten the next season, yet he would be ginning cotton in the Fall of 1851, and would therefore have money to pay said accounts. It was his custom to sell goods on credit until the end of the year ; that he would not have sold the goods to Hill, but for the representations of Haynie ; that Hill was a stranger, and that it was upon the faith of those representations that he sold the goods to Hill ; that Posey refused to pay for said goods, stating that Haynie had no authority to open said accounts ; that Hill was insolvent and left the State without paying said account, and he was unable to collect the same.

Plaintiff proved by Posey that in December, 1850, when about leaving Texas for Alabama, he requested Haynie to have

an oversight over his affairs, having left some negroes on his farm in the neighborhood, under Green Hill, his overseer, who was young and inexperienced ; that he told Haynie to open an account for his plantation with some merchant to furnish supplies, and also to open an account for the overseer, Green Hill, to the amount of $150 ; that he specially limited the said Haynie in making the said account for said Hill to the sum of $150, telling him, that he, Hill, was young, but, he thought, honest ; that before he, Posey, left, Haynie came to the town of LaGrange and opened an account for the plantation, and also for said Hill, at the house of Longcope & Norton ; that when he returned to Texas he found that said Hill had made an account at the latter house to the amount of $260, besides the account at the plaintiff's store ; that he paid $150 on the account with Messrs. Longcope & Norton, and declined to pay the remainder, it being the first made ; that he asked Haynie why he had transcended his limit, when Haynie admitted that he had done so, and assigned as an excuse, that he thought Hill was an honest young man ; that Hill was insolvent ; that after finding so large an account at the house of Longcope & Norton, he notified Flack that he would not pay his ; that he thought Flack sold a few articles to Hill, after he so notified him, upon the promise of Hill that he would remain and work it out ; that he, Flack, and Hill, had an adjustment of their accounts, in which it was found that some articles were charged to Hill, which ought to be charged to him, Posey ; that that amount was assumed by him, Posey, and credited on the account of said Hill ; that witness thought he notified said Flack as early as July or August, that he would not pay said account ; could not be certain as to time ; that when the adjustment took place, witness thought the amount of Hill's account, exclusive of the articles sold, after the notification aforesaid, was between $70 and $80 ; could not be certain ; that witness authorised said Haynie to make but one account for Hill, and limited that to $150.

Flack v. Haynie.

The account commenced January 3d, 1851, and closed, except a few articles of small value, September 17th, 1851.

The Court charged the jury as follows :

The jury is instructed that, if the plaintiff, Flack, extended credit to Hill upon the representations of Haynie, and would not have extended the credit but for those representations, then he is entitled to recover from Haynie the value of such articles, as were furnished because of such representations. And it does not matter whether such representations were made by Haynie with an intent to defraud or deceive, or merely from carelessness ; nor does it matter whether or not Haynie derived any benefit from the transaction.

A promise by a party to pay a pre-existing debt of another, must be in writing, but a promise to pay a debt, to be contracted at a time subsequent to the promise, need not be in writing.

There being no proof of damages beyond the amount of the goods sold, the plaintiff cannot recover beyond that amount.

If the plaintiff extended further credit to Hill, after he was notified by Posey that he would not pay Hill's debt, that does not prevent him from recovering from Haynie the value of the goods, wares, &c., sold and delivered to Hill, because of the representations of Haynie.

If the goods were sold and delivered by the plaintiff to Hill, upon an agreement that they were not to be paid for until the end of the year, then the plaintiff's cause of action did not arise until the first day of January, 1852, and the Statute of Limitations did not begin to run until the 1st day of January, 1852 ; and if the suit was instituted within two years in the Magistrate's Court, from the 1st day of January, 1852, then no part of the plaintiff's account is barred.

On the other hand, if there was no agreement to extend credit until the end of the year 1851, then the plaintiff cannot recover for any of the articles which are charged to have been sold and delivered more than two years before the institution

of the suit in the Magistrate's Court; the right to recover for such articles being barred by the Statute of Limitations.

The following instructions were asked by the defendant, and refused :

1st. That, if they believe from the testimony, that plaintiff continued to give credit to the said Hill, after Flack had been notified by Dr. Posey that he would not pay Hill's account, so far as it had then gone, by so doing, Flack released Haynie.

2nd. That, in the absence of a contract proved, that the goods were to be sold on a credit, the Statute of Limitations would run from the sale or delivery of each item embraced in the bill of particulars.

3rd. That the promise to pay the debt of a third party must be in writing or some memorandum thereof.

4th. That fraud cannot be presumed, but must be proved, and that to that end, all the facts and circumstances of the case may be taken into consideration.

5th. To entitle the plaintiff to recover from the defendant the amount of the goods sold to Hill, the goods should have been charged directly to the defendant Haynie.

The jury found "for the defence, being barred by the Statute of Limitations;" judgment; motion for new trial overruled, &c.

*B. Shropshire*, for appellant. The fact that the bill was to be paid by Posey, after his return the next Fall, out of the proceeds of his gin, taken in connection with the proof of the plaintiff's custom to sell on credit to the end of the year, shows that the credit was given to the end of the year in making the sales.

*A. R. Gates*, for appellee. The Statute commenced to run from the notice given by Posey to plaintiff in August, 1851.

(Turnbull v. Gadsden, 2 Strobh. 14, referred to in 10 U. S. Dig. 316.)

WHEELER, J.   Where one assumes to act as agent for another, in making a contract, without authority ; or where an agent knowingly transcends his authority, he is personally liable.   (1 Parsons on Con. 55.)   There is no doubt that the defendant did knowingly transcend his authority in this case ; and that he was personally liable to the plaintiff for the goods furnished at his instance.   The only question is, whether the suit was barred by the Statute of Limitations.   That depends upon the time when the cause of action accrued.   Whether the evidence shows a binding agreement to give credit until the end of the year or not, there can be no doubt that, when the plaintiff was apprised of the want of authority, and misrepresentations of the defendant, he was no longer bound by any such agreement.   He could not be required to wait until the end of the year for payment from a source, from which he was apprised it could not be obtained.   He had a right to withhold further credit, and look immediately to the defendant for payment.   As to so much of the account as was then due, he might have brought suit immediately against the defendant.

The cause of action against the defendant was his misrepresentation of his authority, which occasioned the giving of the credit ; and there can be no question that the right of action accrued to the plaintiff as soon as he was apprised of the misrepresentation.   There can be no other conclusion drawn from the evidence, than that this was previous to October, 1851 ; and as suit was not brought until October, 1853, the cause of action was clearly barred.

As to the residue of the account, for goods furnished after notice of the defendant's want of authority, the plaintiff cannot hold him bound ; because they were not furnished on account of his supposed authority, or upon the faith of his repre-

sentations, but upon the credit of Hill. There is no error in the judgment, and it is affirmed.

Judgment affirmed.